UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHERYN HOPPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1894 HEA |
| ) | |
| NORTH ST. FRANCOIS COUNTY ) | |
| R-1, SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant North St. Francois County, R-1, School District's ("Defendant") Motion to Dismiss [ECF No. 13]. Plaintiff Catheryn Hoppe ("Plaintiff) filed a Memorandum in Opposition to the Motion [ECF No. 25], to which Defendant replied [ECF No. 27]. For the reasons set for the below, Defendant's Motion to Dismiss is denied.

## **Factual Background**[1]

Plaintiff was employed for over ten years as a certified teacher in North St. Francois County School District. At the time of her termination, Plaintiff was employed under an indefinite teaching contract as a tenured teacher. On or about June 10, 2011, Defendant served Plaintiff with written termination charges of

---

[1] This rendition of the facts is set forth for the purposes of these motions only and in no way relieve the parties of necessary proof thereof in later proceedings.

incompetency, inefficiency, insubordination, and willful or persistent violation of and failure to obey the published regulations of Defendant's Board of Education. Thereafter, Plaintiff exercised her right to request a hearing before the Board of Education of the termination charges. The Board held a hearing on August 11, 2011. On August 29, 2011, Defendant's Board of Education held a closed session to reach a decision concerning the above-stated termination charges. During a closed session, it voted to terminate Plaintiff. On September 2, 2011, she was terminated. The Board found that Plaintiff was incompetent and insubordinate and willfully or persistently violated the Defendant's Board's Policies because she allegedly did not teach the Spanish II curriculum to her Spanish II students during the 2010-2011 school year.

Plaintiff originally filed her two count action against Defendant in state court, and Defendant subsequently removed it. Count I requests review and reversal of Plaintiff's termination by Defendant. Count II alleges that Defendant interfered with her rights under the Family Medical Leave Act ("FMLA") in violation of 29 U.S.C. § 2615(a)(1) or, alternatively, that Defendant retaliated or discriminated against her for exercising her FMLA rights in violation of §2615(a)(1).

## Motion to Dismiss Standard

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## Discussion

Defendant argues that Plaintiff's FMLA interference claims in Count II should be dismissed with prejudice, as Plaintiff was terminated the year after the end of her FMLA leave. As such, Defendant contends that to the extent Plaintiff's Count II can be seen to allege an FMLA interference claim, it fails to state a claim upon which relief can be granted.

The FMLA provides job security to employees who must miss work because of their own illnesses, to care for family members, or to care for new babies. 29 U.S.C. § 2612(a)(1)(A)-(D), *Stallings v. Hussman Corp.,,* 447 F.3d 1041, 1050 (8th Cir.2006). The FMLA provides eligible employees up to 12 workweeks of unpaid leave during any 12-month period. *Id.* An employee must provide notice to an employer that they plan to take FMLA leave. *Id.* Under the FMLA, it is unlawful for an employer to "interfere with, restrain, or deny the exercise of the attempt to exercise, any right provided" by the state. *See* § 2615 (a)(1). This is referred to as an FMLA interference claim. Under § 2615(a)(2), employers are prohibited from discriminating against an employee for asserting their rights under the Act. This is

referred to as an FMLA retaliation claim. Claims under these separate theories require different showings to prove intent.

Plaintiff's Count II alleges that Defendant interfered with her rights under the FMLA in volation of § 2615(a)(1) or, alternatively, that Defendant retaliated or discriminated against her for exercising her FMLA in violation of §2615(a)(1). Accepting these allegations as true, and affording Plaintiff the benefit of all reasonable inferences, Plaintiff contends that Defendant terminated her because of her use of FMLA leave while she was still employed with the school district. Such action by an employer could be construed as a violation under the FMLA. As such, at this stage of this litigation, Plaintiff has brought a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant North St. Francois County, R-1, School District's Motion to Dismiss [ECF No. 13] is **DENIED**.

Dated this 11th day of September, 2012.

	HENRY EDWARD AUTREY
	UNITED STATES DISTRICT JUDGE